a dismissal of the complaint.   The action was for money had and received.   Prior to February, 1912, defendant's husband appropriated to his own use a large sum of money belonging to plaintiff's testatrix, part of which he invested in municipal bonds.   Thereafter and during the life of testatrix he sold two of these bonds and deposited the proceeds in a bank to the credit of his wife.   Plaintiff seeks to recover the amount so deposited with interest. Defendant testified that the account in which the money was deposited was a household account;   that all the money deposited came from her husband;   that she drew checks thereon for household expenses and at his direction for other purposes;   that she never deposited therein money of her own and that long before this action was commenced the amount so deposited had been withdrawn from the bank and expended either for household expenses, food and clothing or returned to her husband.   The Appellate Division held that under these circumstances defendant did not become individually liable and that plaintiff was obliged to show notice and demand while she had the money in her possession to justify recovery.

*Clinton T. Taylor* and *Arthur I. Strang* for appellant.
*William A. Davidson* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CHASE, CRANE and ANDREWS, JJ.   Dissenting: HOGAN, CARDOZO and McLAUGHLIN, JJ.

---

EDDY VALVE COMPANY, Plaintiff, *v.* VILLAGE OF BARKER, Respondent, and WALTER WOOD, Appellant, Impleaded with Others.

*Liens — municipal corporations — contract for construction of waterworks system — foreclosure of liens for labor and materials — allowance for expense of completion of work.*

*Eddy Valve Co.* v. *Village of Barker*, 188 App. Div. 997, affirmed.
(Argued May 9, 1921; decided May 31, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 8, 1919, affirming a judgment

entered upon a decision of the court at an Equity Term in an action to foreclose a materialman's lien upon a waterworks system constructed for defendant village of Barker. The findings of fact established all liens except one and found a fund in the hands of the village of Barker sufficient to pay the plaintiff's costs and all the liens so established except that of the defendant Walter Wood, to whom nothing was awarded. Appellant contended that the village made and was allowed for unwarranted payments in completing the work.

*James G. Greene* for appellant.

*Abner T. Hopkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH W. WARD, Appellant.

*Crimes — seduction — judgment of conviction affirmed.*

*People* v. *Ward*, 192 App. Div. 955, affirmed.

(Argued May 10, 1921; decided May 31, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 14, 1919, which affirmed a judgment of the Bronx County Court rendered upon a verdict convicting the defendant of the crime of seduction under promise to marry.

*Nathaniel Levy* for appellant.

*Edward J. Glennon,* District Attorney (*William F. Quigley* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ.